UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PABLO MARQUEZ-GARDUZA,<br>Plaintiff,<br>v.<br>CLARK COUNTY, *et al.*,<br>Defendants. | CASE NO. 3:26-cv-06219-LK-GJL<br><br>ORDER DECLINING TO SERVE AND TO SHOW CAUSE |

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Plaintiff Pablo Marquez-Garduza, a state prisoner currently located at Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington, and proceeding *pro se* and *in forma pauperis*, initiated this civil rights action under 42 U.S.C. § 1983, alleging constitutional violations occurring while he was a pretrial detainee at Clark County Jail in Vancouver, Washington. *See* Dkt. 9. Having screened Plaintiff's Complaint (Dkt. 9) pursuant 28 U.S.C. § 1915A, the Court **DECLINES to serve** the Complaint and, instead, **DIRECTS** Plaintiff to **SHOW CAUSE** not later than **December 4, 2026**, why his claims **should not be dismissed** as untimely and barred under the applicable statute of limitations.

## I. BACKGROUND

Plaintiff, formerly a pretrial detainee located at Clark County Jail (the "Jail"), filed a Complaint alleging that, while detained at the Jail, he was assaulted by a cellmate who poured bleach directly into his eyes. Dkt. 9 at 3. After the assault, Jail officials "failed to provide him any medical care for the resulting injuries, punished him rather than his attacker, and took no corrective action despite his report of the incident." *Id*. at 1. Plaintiff does not provide a timeframe for the alleged attack or subsequent denial of medical care. *See id*. Plaintiff names as Defendants: Clark County, the Jail, and unnamed Corrections Officers. *Id*. at 2. As relief, Plaintiff seeks monetary damages and injunctive relief. *Id*. at 5–6.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") obligates the Court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A. Under this provision, the Court may *sua sponte* dismiss any prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks damages from defendants who are immune. *Id.*; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000). "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted); *see Belanus v. Clark*, 796 F.3d 1021, 1024–27 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part

because prisoner's complaint, on its face, appeared to be time-barred), *cert. denied*, 137 S. Ct. 109 (2016).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Having reviewed the Complaint, the Court finds it cannot determine whether Plaintiff's claims relating to the alleged assault and subsequent denial of medical care are timely or, rather, are potentially barred by the applicable 3-year limitations period.

**A. Statute of Limitations**

A complaint must be timely filed. The Civil Rights Act of 1871 does not include a provision limiting the time in which a § 1983 civil rights action must be brought. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In the absence of an explicit statutory limitations period, federal courts look to the law of the forum state to determine the limitations period applicable to § 1983 actions. *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his claims accrued to file a § 1983 action. *See* Wash. Rev. Code § 4.16.080(2); *Rose*, 654 F.2d at 547 (three-year statute of limitations applies to § 1983 claims arising in Washington State).

While the duration of the limitations period is derived from state law, federal law determines when a claim accrues. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir. 1986). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury

which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991) (quotations and citations omitted). "[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [they] have knowledge of all the details or all of the persons involved in order for [their] cause of action to accrue." *W. Ctr. For Journalism*, 235 F.3d at 1157 (quotations and citations omitted). Subsequent effects or consequences of alleged constitutional violations do not impact the accrual of a § 1983 claim. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a mere continuing *impact* from past violations is not actionable.") (internal citations and quotations omitted) (emphasis in original).

The final step in determining whether a § 1983 claim is time barred is the application of statutory and equitable tolling. The Court looks to the law of the forum state to determine whether the time for filing a § 1983 action has been tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Washington law allows for statutory tolling in various circumstances. *See, e.g.*, Wash. Rev. Code. § 4.16.190 (statute tolled by personal disability including confinement in pretrial detention); Wash. Rev. Code. § 4.16.200 (statute tolled by death); Wash. Rev. Code. § 4.16.220 (statute tolled in connection with United States military service).

Equitable tolling is available in Washington "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Washington state courts apply equitable tolling "sparingly" and do not permit equitable tolling of claims that are untimely because of a plaintiff's "garden variety" excusable neglect. *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted); *see also Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) ("The doctrine [of equitable tolling] is not available to avoid the

consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.").

Here, Plaintiff alleges he was arrested in August 2019 in Clark County on several criminal charges and held as a pretrial detainee at the Jail on or about that same time. Dkt. 9 at 2. According to Plaintiff, while housed at the Jail, Clark County, the Jail, and several unnamed Corrections Officers violated his constitutional rights when they failed to protect him from an alleged assault by his cellmate, and were deliberately indifferent to his resulting serious medical needs. *Id*. at 3. However, other than the date of his 2019 arrest and his subsequent 2023 acquittal, Plaintiff provides no timeframe for the alleged assault or deliberate indifference. *See id*. at 1–3.

Without this timeframe for the events alleged in the Complaint, the Court cannot determine when Plaintiff either knew or had reason to know of the constitutional violations forming the basis of this action. Additionally, the Court cannot determine whether the application of statutory or equitable tolling would excuse any delay in the filing of the Complaint. Therefore, Plaintiff's Complaint is deficient and will not be served.

**B. Instructions to Plaintiff**

Due to the deficiency described above, the Court will not serve Plaintiff's Complaint. Instead, if Plaintiff intends to pursue this § 1983 action, he must **SHOW CAUSE why it should not be dismissed as time barred**. If Plaintiff **FAILS** to respond to this Order or show cause on or before **December 4, 2026**, the undersigned will **RECOMMEND dismissal** of this action for failure to state a claim.

//

//

//

## III. CONCLUSION

For the foregoing reasons, Plaintiff has **FAILED** to state a colorable federal claim in his Complaint. Dkt. 9.

If Plaintiff intends to pursue this § 1983 action, he must **SHOW CAUSE why it should not be dismissed as time barred**. If Plaintiff **FAILS** to respond to this Order or show cause on or before **December 4, 2026**, the undersigned will **RECOMMEND dismissal** of this action for failure to state a claim. Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

Dated this 4th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge